**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **DAVID PAZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 3:11-cv-0419** |
| v. ) | **Judge Sharp / Knowles** |
| ) | |
| **WELLS FARGO BANK and** ) | |
| **AMERICA'S SERVICING CO.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by Defendants Wells Fargo Bank and America's Servicing Co. (a division of Wells Fargo). Docket No. 35. Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 36.

Plaintiff has not responded to the instant Motion.

Plaintiff, who was once represented by counsel but who is now proceeding pro se, filed this breach of contract action in the Chancery Court of Davidson County on April 19, 2011. *See* Docket No. 1. On May 4, 2011, Defendants removed this action from the Chancery Court to this court based on diversity jurisdiction.[1] *Id.*

Plaintiff's Verified Complaint avers that he originally purchased his home in 1989, and that he emerged from a Chapter 7 personal bankruptcy in 2006 with his mortgage from Mortgage

---

[1]Plaintiff is a citizen of Tennessee, while Defendant Wells Fargo is a California corporation. *See* Docket No. 1. As has been noted, Defendant America's Servicing Co. is a division of Defendant Wells Fargo, and is not a separate corporate entity. *Id.* The amount in controversy exceeds $75,000. *Id.*

1

Lenders Network USA reaffirmed. Docket No. 1, Ex. A, ¶¶ 10, 11. Plaintiff avers that he stopped receiving statements from Mortgage Lenders Network USA in February 2007, and that, in the years following, his mortgage loan had been sold or transferred several times. *Id.*, ¶¶ 12-21. Plaintiff contends that, over the years, he received numerous letters from various mortgage companies notifying him that his payment amount had changed. *Id.*

Plaintiff avers that on November 7, 2010, Defendant America's Servicing Co. ("ASC"), had notified him that his mortgage was in default and that he had to pay $39,993.62 to bring the loan current. *Id.*, ¶ 24. Plaintiff authorized his then-attorney to speak to Defendant ASC regarding his mortgage. *Id.*, ¶ 25. Over the next four months, Plaintiff, through his then-attorney, entered into a series of telephone conversations and email correspondence with ASC to request and obtain a mortgage modification. *Id.*, ¶ 26. On March 21, 2011, in the midst of the referenced mortgage modification dialogue, ASC sent Plaintiff a notice of foreclosure that was set for April 20, 2011. *Id.*, ¶ 27. Plaintiff continued to request a mortgage modification, and also requested that ASC postpone the foreclosure. *Id.*, ¶ 28. With one exception, Plaintiff spoke to a different person each time he contacted ASC. *Id.*

ASC requested that Plaintiff supply numerous signed and dated documents. *Id.*, ¶ 29. Plaintiff complied and sent ASC the following documents: profit and loss statements for January through March 2011; the same profit and loss statements again in ASC's specified form; income and expense affidavits; a hardship statement explaining why he fell behind in his payments; his federal income tax returns for the prior three years; IRA statements for December 2010 through March 2011; and bank statements for November 2010 through March 2011. *Id.*, ¶ 30. Plaintiff assembled and faxed each of these documents over to ASC on more than one occasion, and with

each submission, requested a mortgage modification and a foreclosure postponement. *Id.*, ¶ 31. On April 18, 2011, ASC advised Plaintiff's then-attorney that the "postponement had been sent, but that it could not be guaranteed," and that Plaintiff's documents had been received and sent, along with the mortgage modification request, to the appropriate section of ASC. *Id.*, ¶ 32.

Plaintiff argues that Defendants, as successors in interest to Plaintiff's mortgage loan obligations, have negligently and/or willfully breached their contract with Plaintiff by "making it impossible for Plaintiff to locate his mortgage holder, by not allowing Plaintiff to stay current with his mortgage payments, by not giving Plaintiff accurate and consistent information about his mortgage and his obligations, by continually sending Plaintiff conflicting, erroneous, and incomprehensible rate and payment information, and completely disregarding their obligations to Plaintiff as lenders and mortgage administrators." *Id.*, ¶ 33.

Plaintiff seeks injunctive and compensatory relief, as well as reasonable attorney's fees, costs, and expenses, and any other relief the court "deems just and proper."

Defendants filed the instant Motion to Dismiss and supporting Memorandum arguing that, even taking the aforementioned facts from Plaintiff's Verified Complaint as true, those allegations fail to state a claim against them upon which relief can be granted. Docket Nos. 35, 36. Specifically, Defendants contend that the allegations of Plaintiff's Verified Complaint "fall far short of stating a breach-of-contract claim" against them because: (1) Plaintiff fails to comply with Fed. R. Civ. P. 8 and identify any contract between him and Wells Fargo, and, in the absence of a valid, enforceable contract, there can be no claim for breach; (2) Plaintiff fails to identify any specific contractual provisions that he alleges that Wells Fargo breached; and (3) Plaintiff fails to allege that he has suffered any damages. *Id.* Defendants argue that because

3

Plaintiff cannot demonstrate that an enforceable agreement existed between Plaintiff and Defendants, that Defendants breached a provision of that agreement, or that he suffered damages, Plaintiff cannot sustain his breach of contract claim against Defendants and this action should be dismissed. *Id.*

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-

4

> technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950 (citations omitted).

As has been noted, this is a breach of contract action.  In order to prevail on a claim for breach of contract, Plaintiff must demonstrate: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of that contract; and (3) damages caused by the breach of that contract.  *Bancorpsouth Bank, Inc. v. Hatchel*, 223 S.W.2d 223, 227 (Tenn. Ct. App. 2006).  An enforceable contract exists where there has been a "meeting of the minds of the parties in mutual assent to the terms," and it "must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties."  *Doe v. HCA Health Services of Tennessee*, 46 S.W.3d 191, 196 (Tenn. 2001).  A contract must be sufficiently definite to be enforced.  *Oak Ridge Precision Indus., Inc., v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 28 (Tenn. Ct. App. 1992).

The essence of the allegations of Plaintiff's Verified Complaint is that his mortgage loan had been repeatedly sold or transferred to various lenders; that, at some point prior to November 7, 2011, Defendants acquired his mortgage loan; and that Defendants sent him notice of delinquency, sent him a notice of foreclosure, and repeatedly requested documentation to consider his request for a loan modification and foreclosure postponement.  Although Plaintiff

5

argues that Defendants are successors in interest to Plaintiff's mortgage loan obligations who have negligently and/or willfully breached their contract with Plaintiff by "making it impossible for Plaintiff to locate his mortgage holder, by not allowing Plaintiff to stay current with his mortgage payments, by not giving Plaintiff accurate and consistent information about his mortgage and his obligations, by continually sending Plaintiff conflicting, erroneous, and incomprehensible rate and payment information, and completely disregarding their obligations to Plaintiff as lenders and mortgage administrators," Plaintiff's allegations are general and conclusory. The Court cannot discern any terms of the alleged contract between Plaintiff and Defendants, nor can the Court discern what provisions are allegedly breached, how Defendants allegedly breached those provisions, or what damages Plaintiff has suffered as a result of the alleged breach. Accordingly, Plaintiff's allegations fail to state a claim upon which relief can be granted.

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge