UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID PAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-cv-0419 |
| v. ) | |
| ) | Judge Sharp |
| WELLS FARGO BANK and ) | Magistrate Judge Knowles |
| AMERICA'S SERVICING COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

*Pro se* Plaintiff David Paz[1] filed this civil action against Defendants Wells Fargo Bank and America's Servicing Company on April 19, 2011 in the Chancery Court for Davidson County, Tennessee. On May 4, 2011, Defendants removed this action to federal court based on diversity jurisdiction. (Docket Entry No. 1 at 1). Plaintiff avers that Defendants, as successors in interest to Plaintiff's mortgage loan obligations, have negligently and/or willfully breached their contract with Plaintiff by "making it impossible for Plaintiff to locate his mortgage holder, by not allowing Plaintiff to stay current with his mortgage payments, by not giving Plaintiff accurate and consistent information about his mortgage and his obligations, by continually sending Plaintiff conflicting, erroneous, and incomprehensible rate and payment information, and completely disregarding their obligations to Plaintiff as lenders and mortgage administrators." *(Id.* at ¶ 33). Plaintiff seeks injunctive[2] and compensatory relief, as well as

---

[1] An Order was entered on October 12, 2012, allowing counsel for Plaintiff to withdraw from this case. *See* (Docket Entry No. 33).

[2] By Order entered on October 28, 2011, the Court denied Plaintiff's request for injunctive relief. *See* (Docket Entry No. 18).

1

reasonable attorney's fees, costs, and expenses, and any other relief the court deems just and proper.

On October 19, 20112, Defendants filed *a Motion to Dismiss Complaint* (Docket Entry No. 35), to which Plaintiff filed no response in opposition.

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 40) in this case on December 19, 2012, concluding "Plaintiff's allegations are general and conclusory. The Court cannot discern any terms of the alleged contract between Plaintiff and Defendants, nor can the Court discern what provisions are allegedly breached, how Defendants allegedly breached those provisions, or what damages Plaintiff has suffered as a result of the alleged breach." (*Id.* at 6). Therefore, recommending that the motion "be GRANTED and that this action be DISMISSED." (*Id.*). No objections were made to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 40) is hereby ACCEPTED and APPROVED;

(2) Defendant's *Motion to Dismiss Complaint* (Docket Entry No. 35) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE